# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 7:20-CV-244 |
| 6.584 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND HEIRS OF ROMULO CAVAZOS; ET AL., AND HEIRS OF RAUL CAVAZOS, et al., | § § § § § § § § | |
| *Defendants*, | § § | |
| and | § § | |
| JOSE ALFREDO "FRED" CAVAZOS, | § § § | |
| *Proposed Defendant-Intervenor*. | § § | |

## **MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO INTERVENE BY JOSE ALFREDO CAVAZOS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 4

ARGUMENT .............................................................................................................................. 5

    I.    Since Rule 71.1 is Silent as to Interventions in Condemnation Actions, Intervention Is Governed by Rule 24 ............................................................................................................. 5

    II.    Under Rule 24(a)(2), Mr. Cavazos Is Entitled to Intervene as a Matter of Right ................ 6

        A.    As a habitual user of his family's land, Mr. Cavazos has an important interest relating to the property that is the subject of the condemnation. ........................................................ 6

        B.    Disposing of the condemnation action without Mr. Cavazos would substantially "impair or impede" his interest. ................................................................................................ 8

        C.    Current parties cannot "adequately represent" Mr. Cavazos' interest in the property. 9

        D.    Mr. Cavazos's request to intervene is timely. ............................................................. 9

    III.    Alternatively, the Court Should Permit Mr. Cavazos to Intervene Under Civil Rule 24(b)(1)(B) ............................................................................................................................ 10

CONCLUSION ......................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Alexander v. Choate*,
   469 U.S. 287 (1985) ................................................................................................... 4

*Atlantis Dev. Corp. v. United States*,
   379 F.2d 818 (5th Cir. 1967) ..................................................................................... 8

*Barnes v. Gorman*,
   536 U.S. 181 (2002) ................................................................................................... 9

*Brumfield v. Dodd*,
   749 F.3d 339 (5th Cir. 2014) ..................................................................................... 9

*Ford v. City of Huntsville*,
   242 F.3d 235 (5th Cir. 2001) ..................................................................................... 6

*Frame v. City of Arlington*,
   657 F.3d 215 (5th Cir. 2011) ..................................................................................... 4

*In re Lease Oil Antitrust Litig.*,
   570 F.3d 244 (5th Cir. 2009) ..................................................................................... 6

*John Doe No. 1 v. Glickman*,
   256 F.3d 371 (5th Cir. 2001) ..................................................................................... 9

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
   884 F.2d 185 (5th Cir. 1989) ................................................................................... 11

*LULAC v. City of Boerne*,
   659 F.3d 421 (5th Cir. 2011) ..................................................................................... 8

*Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*,
   2011 WL 3349821 (E.D. La. Aug. 3, 2011) ........................................................... 11

*Prewitt v. U.S. Postal Serv.*,
   662 F.2d 292 (5th Cir. 1981) ..................................................................................... 6

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) ................................................................................... 10

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) ..................................................................................... 8

*Trbovich v. United Mine Workers*,
   404 U.S. 528 (1972) ............................................................................................................ 9

*Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
   834 F.3d 562 (5th Cir. 2016) ........................................................................................ 5, 10

### **STATUTES**

29 U.S.C. § 794 ................................................................................................................... 4, 6

40 U.S.C. § 3114(b) ................................................................................................................ 8

42 U.S.C. § 12102(1)(a) .......................................................................................................... 6

### **RULES**

Fed. R. Civ. P. 24 ............................................................................................................ passim

Fed. R. Civ. P. 24(a) ........................................................................................................ passim

Fed. R. Civ. P. 24(a)(2) .................................................................................................... passim

Fed. R. Civ. P. 24(b) .......................................................................................................... 5, 10

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................ 5, 10

Fed. R. Civ. P. 71.1 .............................................................................................................. 5, 8

Fed. R. Civ. P. 71.1(a) ............................................................................................................. 5

Fed. R. Civ. P. 71.1, Notes of Advisory Committee—1951 ................................................... 5

### **TREATISES**

7C Wright & Miller, Fed. Prac. & Proc. § 1909 (3d ed.) ....................................................... 9

### **REGULATIONS**

6 C.F.R. § 15.51 ................................................................................................................... 4, 7

## INTRODUCTION

1.  Mr. Jose Alfredo Cavazos ("Proposed Defendant-Intervenor") moves to intervene to defend his right to equal, non-discriminatory treatment as a person with disabilities. Mr. Cavazos is brother to Defendant Ms. Eloisa Cavazos ("Defendant"). Mr. Cavazos and Defendant jointly manage their family lands. Mr. Cavazos uses a wheelchair and other mobility assistance devices to access the Cavazos's riverside property so he can tend to their cattle and goats, manage tenant properties, and participate in the family's livelihood there. Ex. 3, Declaration of Jose Alfredo Cavazos, ¶¶ 3-7 ("Decl.").

2.  Plaintiff seeks to condemn the identified 6.584 acres at issue in this lawsuit so that the Department of Homeland Security ("DHS") can build structures for its border wall program. These structures will directly block the only route that enables Mr. Cavazos to access his family's riverside property. DHS intends to build a gate that may allow people without mobility issues to pass through but will be inaccessible for Mr. Cavazos. Despite being informed of Mr. Cavazos's disability and his need for accommodations over 18 months ago, the agency has refused to make reasonable accommodations.

3.  Federal statutes, regulations, and Fifth Circuit case law require federal government agencies to design and implement structures and programs in such a way as to ensure equal access to people with disabilities. *See* 29 U.S.C. § 794(a); 6 C.F.R. § 15.51; *Frame v. City of Arlington*, 657 F.3d 215, 223-26 (5th Cir. 2011). In designing and implementing its plan, DHS failed to take into account the need for reasonable accommodations to its program for the Cavazos property. In so doing, DHS violated Section 504 of the Rehabilitation Act, a federal statute designed to safeguard against discriminatory agency action characterized by "thoughtlessness and indifference" to people with disabilities. *Alexander v. Choate*, 469 U.S. 287, 295 (1985). By

ignoring Mr. Cavazos's rights and discriminating against people with disabilities, DHS exceeded its statutory authorization and acted in an arbitrary and capricious manner.

4. Mr. Cavazos has an interest in protecting his rights to equal access and freedom from discrimination. These important interests are entirely unrepresented in this case; yet, disposal of the action absent his intervention will interfere with his ability to access his family's land. Furthermore, Rule 71.1 requires all defenses to the agency action to be raised at the time the answer is filed, emphasizing the need for Mr. Cavazos's presence in this suit. Mandatory intervention under Rule 24(a)(2) is therefore appropriate or, alternatively, he should be permitted to intervene under Rule 24(b)(1)(B).

## ARGUMENT

### I. Since Rule 71.1 is Silent as to Interventions in Condemnation Actions, Intervention Is Governed by Rule 24

5. The Federal Rules of Civil Procedure recognize that Mr. Cavazos may intervene in this condemnation proceeding. Rule 71.1(a), "Applicability of Other Rules," provides that condemnation actions are governed by the Federal Rules of Civil Procedure "except as this rule [i.e., Rule 71.1] provides otherwise." Rule 71.1 is silent as to interventions. Thus, pursuant to Rule 71.1(a), the Federal Rules of Civil Procedure govern intervention in this action.[1] "Rule 24(a) permits a party to seek intervention as of right while 24(b) allows a party to seek permissive intervention." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th

---

[1] "The purpose of Rule 71A [as Rule 71.1 was formerly labeled] is to provide a uniform procedure for condemnation in the federal district courts, including the District of Columbia. To achieve this purpose Rule 71A prescribes such specialized procedure as is required by condemnation proceedings, *otherwise it utilizes the general framework of the Federal Rules where specific detail is unnecessary*." Fed. R. Civ. P. 71.1, Notes of Advisory Committee—1951 on Notes to Subdivision (a) (emphasis added).

5

Cir. 2016). Therefore, Mr. Cavazos seeks to intervene under Rule 24 to protect his rights as a person with disabilities.

## II. Under Rule 24(a)(2), Mr. Cavazos Is Entitled to Intervene as a Matter of Right

6. Mr. Cavazos must be allowed to intervene because he has (1) "an interest relating to the property . . . that is the subject of the action"; (2) "disposing of the action may" practically "impair or impede [Mr. Cavazos's] ability to protect [his] interest"; and (3) other parties do not "adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(a) additionally requires motions to intervene be "timely" filed. Mr. Cavazos is entitled to intervene as a matter of right because he meets all four requirements.

### A. As a habitual user of his family's land, Mr. Cavazos has an important interest relating to the property that is the subject of the condemnation.

7. Mr. Cavazos has a "direct, substantial, legally protectable interest" in the property subject to the government's condemnation suit. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009) (quotation omitted). Courts must not define "interest" for purposes of intervention "too narrowly." *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001). Mr. Cavazos is a person with disabilities who uses a wheelchair and other mobility assistance devices, such as a wheelchair-accessible van, to access his family's property at issue in this action. Decl. ¶¶ 3, 5. He is a qualified person with a disability and, therefore, is entitled to protections against government discrimination under the Rehabilitation Act. *See* 29 U.S.C. § 794; 42 U.S.C. § 12102(1)(a).

8. Mr. Cavazos has a "direct, substantial, legally protectable interest" in not being "excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination under any program or activity . . . conducted by any Executive agency." 29 U.S.C. § 794; Decl. ¶¶ 12-15; 18-19. All Executive agencies, including DHS, are prohibited from discriminating against persons with disabilities. 29 U.S.C. § 794; *see also Prewitt v. U.S. Postal*

6

*Serv.*, 662 F.2d 292 (5th Cir. 1981). The planned border wall program structures "*shall* be designed, constructed, or altered so as to be readily accessible to and usable by individuals with a disability." 6 C.F.R. § 15.51 (emphasis added). Yet, Plaintiff seeks to condemn the land as part of a program that is neither designed nor implemented to include people with disabilities.

9. On an almost daily basis, Mr. Cavazos enters the family's property through the land that Plaintiff seeks to condemn in this action. Decl. ¶¶ 4-5. The property at issue is right across the street from Mr. and Ms. Cavazos's shared home. Decl. ¶ 4. Mr. Cavazos must go to the property to tend to the family's cattle and goats on the riverside of the property. Decl. ¶ 6. His sister, Defendant Eloisa Cavazos, due to her own disabilities, relies on him to care for the family's livestock. Decl. ¶ 8. Mr. Cavazos spends some nights in a fishing cottage near the water. Decl. ¶ 11. His family rents to tenants on the land, who have their own recreational housing. *Id*. He assists in the monitoring and maintenance of these tenants' homes. The income from these activities is how Ms. Cavazos is able to cover living and medical expenses. Decl. ¶ 17. Mr. Cavazos's ability to access the riverside property on the same terms as persons without disabilities is therefore critical to Ms. Cavazos's livelihood.

10. The border wall program will violate Mr. Cavazos's right to equal access to his family's land. To reach the family's riverside property, Mr. Cavazos must cross the street from his home onto the property in his accessible van and traverse the levee, where he only has one accessible route. Decl. ¶ 12. Plaintiff seeks to condemn land that includes that sole accessible route and plans to construct a gate to permit the family to pass through to access the rest of their land. Decl. ¶ 14. Yet, DHS and CBP intend to build a gate with a keypad that would impede access for Mr. Cavazos, cutting him off from taking care of the livestock and assisting the tenants. Decl. ¶¶ 12-15. Obstacles that limit the accessibility of that route pose a great risk to Mr. Cavazos's

safety. On the several occasions when Mr. Cavazos's wheelchair has gotten stuck on the riverside part of the property, he has needed to rely on the Fire Department to rescue him. Decl. ¶ 18. A wall or gate would delay or make such rescues impossible, endangering Mr. Cavazos.

11. Mr. Cavazos requested the government accommodate his disabilities by altering its infrastructure to be accessible, which the government denied. Such failure to provide reasonable accommodations violates Mr. Cavazos's rights under the Rehabilitation Act. Therefore, able to show standing and a legal right, Mr. Cavazos's interest is sufficient to intervene. *LULAC v. City of Boerne*, 659 F.3d 421, 434, n. 17 (5th Cir. 2011); *see also Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015) (finding a person may intervene as a defendant even absent standing or a legally enforceable right so long as a legally protectable interest is at stake).

### B. Disposing of the condemnation action without Mr. Cavazos would substantially "impair or impede" his interest.

12. Rule 24(a)(2) requires intervention as a matter of right be granted if "disposing of the action may" practically "impair or impede the movant's ability to protect [his] interest." The Fifth Circuit requires only that the judgment "may" have a "practical" impact on Mr. Cavazos's interest. *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). Disposing of the action without him easily meets this low standard.

13. Because Plaintiff elected to condemn the Cavazos family land under the Declaration of Taking Act, title passed from the family to the United States upon the filing of the Complaint in Condemnation. 40 U.S.C. § 3114(b). Pursuant to Federal Rule of Civil Procedure 71.1, all defenses to such an action must be raised in the answer. If Mr. Cavazos is not allowed to intervene at this stage, he would have no way to challenge the condemnation that violates his rights to freedom from discrimination on the basis of his disability before the land is taken by the government. Thus, if this suit proceeds absent Mr. Cavazos, his statutory rights would be

substantially impaired and impeded.

### C. Current parties cannot "adequately represent" Mr. Cavazos's interest in the property.

14. If he is not permitted to intervene, no current parties can "adequately represent" Mr. Cavazos's interest in the property. Rule 24(a)(2). The burden of showing whether the parties adequately represent a would-be intervenor may fall on the existing parties. *See* 7C WRIGHT & MILLER, FED. PRAC. & PROC. § 1909 (3d ed.). Even if Mr. Cavazos has the burden of persuasion, that burden is "not a substantial one." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). Instead, "[t]he potential intervener need only show that the representation *may* be inadequate." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added). The current parties do not represent Mr. Cavazos's interests as a person with disabilities seeking non-discriminatory treatment under the border wall program.

15. Rights under the Rehabilitation Act must be asserted by the person being subjected to discrimination. *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002). Defendant Ms. Cavazos cannot defend Mr. Cavazos's rights in the process to be free from agency action that exceeds its authority and is arbitrary and capricious by violating the Rehabilitation Act's anti-discrimination provisions. Ms. Cavazos has a hearing impairment, whereas Mr. Cavazos has limited mobility due to his disabilities. Decl. ¶¶ 3, 8. Mr. Cavazos uses a wheelchair, which makes his ability to access his family's land nearly impossible with the border wall. Decl. ¶¶ 3, 13-18. Therefore, Mr. Cavazos's statutory right to equal treatment under the law in the border wall program will not be adequately represented absent his inclusion in this suit.

### D. Mr. Cavazos's request to intervene is timely.

16. Mr. Cavazos's Motion to Intervene is "timely" filed, as it is early in the suit and

will not prejudice any party. Fed. R. Civ. P. 24(a). The Fifth Circuit has held that Rule 24's timeliness requirement "is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Mr. Cavazos seeks to intervene at the outset of the lawsuit: No defendant has yet responded and no answer deadline has elapsed. Mr. Cavazos files this Motion to Intervene before *any* responsive pleading has been filed in this case, and on the same day as Ms. Cavazos' Motions to Dismiss, for More Definite Statement, and Answer, which incorporates his arguments. Mr. Cavazos's Motion to Intervene is therefore timely under Rule 24(a).

### III. Alternatively, the Court Should Permit Mr. Cavazos to Intervene Under Civil Rule 24(b)(1)(B)

17. If the Court does not grant Mr. Cavazos intervention as of right, though it should, it should then grant permissive intervention because Mr. Cavazos's interest in the identified 6.584 acres and this suit have a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact."). Mr. Cavazos can establish that (1) his Motion to Intervene is timely; (2) [his] claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice adjudication of the existing parties' rights. *Id*.

18. First, Mr. Cavazos's Motion to Intervene is "timely." *Id. See supra* Section II.D. Mr. Cavazos seeks to intervene well "before discovery [has] progressed" and does "not seek to delay or reconsider phases of the litigation that ha[ve] already concluded." *Wal-Mart Stores, Inc., v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). As such, Mr. Cavazos's Motion is timely for purposes of Fed. R. Civ. P. 24(b).

10

19. Second, Mr. Cavazos files the Motion on September 21, 2020—the deadline for Defendant Eloisa Cavazos's Answer. Therefore, granting the Motion will not cause any delay or prejudice to the existing parties' rights to litigate the case.

20. Third, Mr. Cavazos shares common questions of law and fact with this action. As stated in Section II.A., Mr. Cavazos has a substantial interest in the identified property. Mr. Cavazos's claim that the agency violates statutory law in its border wall program on those 6.584 acres shares common questions of law and fact about whether the agency acted rationally and within its authority in the condemnation proceedings.

21. While considering whether to grant the Motion under permissive intervention, the court may look to other factors. "In exercising its discretion to grant or deny permissive intervention, a court must consider: 1) whether an intervenor is adequately represented by other parties; and 2) whether intervention is likely to contribute significantly to the development of the underlying factual issues." *Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*, 2011 WL 3349821, at *2 (E.D. La. Aug. 3, 2011) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)).

22. In Mr. Cavazos's case, these factors support granting permissive intervention. Mr. Cavazos is not adequately represented by Defendant because the government's failure to accommodate his disability (which differs from Defendant's, who is hearing impaired) limits or eliminates only his access to the property at issue. Decl. ¶¶ 3, 8. As the injury of Plaintiff's discrimination on the basis of disability falls squarely on Mr. Cavazos, his interests are not adequately represented by Defendant. Furthermore, addressing Mr. Cavazos's interest in non-discrimination will contribute significantly to the underlying factual issues about whether the

Plaintiff designed and implemented its border wall program in an unlawful and arbitrary manner on Defendant's land in excess of Congress's grant of authority.

23. Thus, in the event this court concludes that Mr. Cavazos is not entitled to intervene as of right, it should grant his request for permissive intervention for the above reasons.

## CONCLUSION

24. The Court should grant Proposed Defendant-Intervenor's Motion to Intervene as of right or, alternatively to intervene permissively, and grant him the same rights and responsibilities as a party to the lawsuit.

Dated: September 21, 2020

Respectfully submitted,

By: */s/ Ricardo A. Garza*
Efrén C. Olivares
Attorney-in-Charge
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org

Karla M. Vargas
State Bar No. 24076748
SDTX Bar No. 3336176
kvargas@texascivilrightsproject.org

Ricardo A. Garza
State Bar No. 24109912
SDTX Bar No. 3336127
ricky@texascivilrightsproject.org

Carolyn O'Connor*
CT State Bar No. 441082
carrie@texascivilrightsproject.org

**TEXAS CIVIL RIGHTS PROJECT**
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171
Fax: (956) 787-6348

*Attorneys for Defendant Eloisa Cavazos and Proposed Defendant-Intervenor Jose Alfredo Cavazos*

\**Pro Hac Vice* application forthcoming

## CERTIFICATE OF CONFERENCE

I, Ricardo A. Garza, hereby certify that on September 18, 2020, I sent an email to counsel for the United States of America asking the government's position regarding this Motion. As of the time of this filing, Counsel for the government had not responded..

>/s/ Ricardo A. Garza
>Ricardo A. Garza

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has electronically submitted a true and correct copy of the foregoing via the Court's ECF/CM system on the 21st day of September 2020, which will serve a copy on all counsel of record.

>/s/ Ricardo A. Garza
>Ricardo A. Garza