IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:20-cv-244 |
| 6.584 ACRES OF LAND, MORE OR LESS,  SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND HEIRS OF ROMULO CAVAZOS, ET AL., AND HEIRS OF RAUL CAVAZOS, et al., | § § § § § § § § | |
| *Defendants.* | § | |

I, LOREN FLOSSMAN, hereby declare as follows:

1.  I am employed as the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security.  I made this declaration based on my personal knowledge of the matters recited, or based upon information available to me from the files maintained by my office in this matter.

2.  The United States has a vital national security interest in controlling its international borders. As part of the ongoing effort to gain operational control of the border and reduce illegal entry, Congress has ordered the construction of physical barriers, roads, lighting, cameras, sensors, and related infrastructure along the United States/Mexico border. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Public Law 104-208, Div. C, 110 Stat.3009-546, 3009-554 (Sept. 30, 1996) (2000), codified as amended by the REALID Act of 2005, Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005), the Secure Fence Act of 2006, Public Law 109-367, § 3, 120 Stat. 2638 (Oct. 26, 2006), and the 2008 Consolidated Appropriations Act,

GOVERNMENT
EXHIBIT
1

Public Law 110-161, Div. E, Title V, § 564 (Dec. 26, 2007), at 8 U.S.C. § 1103 and note. Pursuant to the foregoing construction authority, the Secretary of Homeland Security has identified locations where such infrastructure would be most practical and effective in securing the United States/Mexico border and deterring smuggling and illegal entry.

3. The subject land in this taking lies in close proximity to the United States/Mexico border. My Agency has designated the subject land as "RGV-MCS-2119."

4. Pursuant to its delegated authority, U.S. Customs and Border Protection, Department of Homeland Security has determined that the subject land is an appropriate location for infrastructure, access roads, and staging and work areas needed for construction of physical barriers and/or related infrastructure to secure the United States' Southwest border and deter smuggling and illegal entry from Mexico. The subject land is located along a section of the Southwest border that my agency has designated as "RGV-03" for purposes of the foregoing construction activities.

5. The United States requires prompt access to the subject land so that it can begin the foregoing construction activities.

6. The United States has awarded task orders and issued notices to proceed with material acquisition, fabrication, construction, and all other activities related to RGV-03 barrier construction in an area that includes the subject land. The construction contract for RGV-03 was awarded on October 31, 2018. Construction related activities in this project area started in April 2020; construction in specific segments in RGV-03 will start upon availability of the subject land.

7. The United States has fully met its obligation to negotiate with the landowner(s) in good faith, but has been unable to come to an agreement with the landowner(s) regarding this matter.

8. The United States has begun to incur delay costs for the RGV-03 project. Delayed possession of the subject land along with other tracts within RGV-03 has resulted in contract suspension costs including de-mobilization/re-mobilization costs, standby costs for equipment and crews, and extended general conditions costs. The United States estimates that it is incurring delay costs of $43,000 (forty-three thousand dollars) per day; delay costs continue to accrue on a daily basis. The United States will incur significant additional monetary damages arising from delayed construction if possession of the subject land is not obtained promptly.

10. The national security interests of the United States will be harmed if possession of the subject land is not obtained promptly. The subject land is an area frequently exploited by Transnational Criminal Organizations (TCOs) due to the close proximity of the Rio Grande River and advantageous ingress and egress routes. In the RGV-03 project area, which includes the subject land, a direct route from the Rio Grande River to New Military Highway is largely covered with forested refuge and agriculture land which primarily produces sugar cane both create optimal concealment and fast vanishing times creates an added advantage for TCOs. The City of Mission bike trails also invite exploitation due to the proximity to the concealment the terrain provides and available public access. These features are exploited by TCOs which significantly increases the risk to the surrounding landowners and general public. There is also a risk to the illegal aliens and the general populace during smuggling attempts. The planned border barrier project in RGV-03 will provide much needed impedance and denial for the subject land and the surrounding area, and will impose additional limitations to the ingress and egress routes available to TCOs along this section of the Southwest border.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this __18__ day of __December__, 2020, in Washington, D.C.

_____
LOREN FLOSSMAN
Acquisition Program Manager
Wall Program Management Office
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security